UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MADAYAG,

    Petitioner,

    v.

MICHAEL S. EVANS, Warden,

    Respondent.
_____/

No. C 08-4989 PJH

**ORDER TO SHOW CAUSE**

Petitioner Michael Madayag ("Madayag"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On June 25, 2005, a jury in the Monterey County Superior Court convicted Madayag, already a prisoner at the Salinas Valley State Prison, of: (1) battery by a prisoner on a non-prisoner under California Penal Code § 4501.5; and (2) battery with a serious bodily injury under California Penal Code § 243(d)(2). The information containing the charges also alleged that Madayag had two prior serious felony convictions within the meaning of California's three strikes law, including a 1995 attempted murder conviction and a 1996 assault with a firearm conviction. Madayag waived jury trial on the prior conviction allegations, and the trial court found them to be true.

On May 11, 2005, the trial court sentenced Madayag to two concurrent terms of twenty-five years to life on counts one and two. The court ordered that the terms run consecutive to the sentence Madayag was serving on his prior convictions.

Madayag filed a direct appeal with the California Court of Appeal raising six issues.

Mayadag also filed a petition for writ of habeas corpus with the California Court of Appeal, which the court noted included "a litany of ineffective assistance of counsel claims." On April 27, 2007, by separate orders, the appellate court denied Mayadag's habeas petition, and, on direct appeal, conditionally reversed the trial court's judgment and stayed execution of count two, battery with a serious bodily injury. In the court's order disposing of the direct appeal, the court denied relief on all of Madayag's claims except for one in which Madayag claimed that the trial court erred in finding no discoverable documents in connection with a *Pitchess* motion concerning the victim officer's records. The appellate court did not grant relief on the merits, but instead found that the trial court did not follow the proper procedure in deciding the *Pitchess* motion and remanded the case to the trial court for a new *Pitchess* hearing.

On August 8, 2007, the California Supreme Court subsequently denied review on both the direct appeal and on the habeas petition. Subsequently, on remand, on November 30, 2007, the trial court conducted an in-camera hearing on Madayag's *Pitchess* motion, and concluded that there was no discoverable evidence.

## DISCUSSION

### A.  Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Petitioner's Legal Claims

Madayag raises four claims for federal habeas relief, including:

(1) that he received ineffective assistance of counsel when his trial attorney failed to call two witnesses, Segi Lavea and Tyran Townsend;

2

(2) that he received ineffective assistance of counsel when his trial counsel failed to object to the admission of "Exhibit 9," which included evidence regarding petitioner's prior convictions;

(3) that he received ineffective assistance of counsel when his trial counsel failed to request a "defense of others" jury instruction; and

(4) that the cumulative effect of the above errors violated his due process rights.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner is ordered to pay the filing fee required in habeas cases.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

3. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated: November 5, 2008

PHYLLIS J. HAMILTON
United States District Judge

3